## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**SUSY ARAUJO**, individually, and on behalf of all others similarly situated

                Plaintiff,

v.                                                                                   Civil Case No.:

**DOCTORS CENTER MANAGEMENT CORPORATION and UNIVERSITY PHYSICIAN ASSOCIATES OF NEW JERSEY, INC.**,

                Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **SUSY ARAUJO** (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys JTB LAW GROUP, LLC, brings this Collective and Class Action Complaint and Demand for Jury Trial against Defendants **DOCTORS CENTER MANAGEMENT CORPORATION** and **UNIVERSITY PHYSICIAN ASSOCIATES OF NEW JERSEY, INC.** (hereinafter "Defendants"), and alleges upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action, individually and as a Collective Action on behalf of all others similarly situated, against Defendants to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and Title 29 of the Code of Federal Regulations ("CFR").

2. Plaintiff also brings this action, individually and as a Rule 23 Class Action on behalf of all others similarly situated, against Defendants to recover unpaid wages, unpaid overtime

1

compensation, pre and post-judgment interest, costs, and attorneys' fees for violation of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR"), N.J.S.A. 34:11-65, *et seq.*, and New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1, *et seq.*

3. Plaintiff worked for Defendants as an hourly paid medical assistant from approximately June 2015 until October 2017.

4. Defendants violated their statutory and contractual obligations to compensate hourly paid Medical Assistants for all of the hours they spent working by:

   a. automatically deducting time for meal breaks that were not actually taken; and

   b. paying Medical Assistants for less hours than they worked.

5. As a result of such illegal pay policy and practice, Medical Assistants, including Plaintiff, were deprived of entitled regular wages for work performed up to forty (40) hours and overtime compensation, at a rate of not less than one and one-half (1.5) times their regular rate of pay, for work performed over forty (40) hours per week.

6. Plaintiff asserts the FLSA claims not only individually, but also on behalf of a putative "FLSA Collective" defined as:

> *All Medical Assistants at Defendants from any time from 3 years prior to the filing of this Complaint through the date of judgment.*

7. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all of Defendants' Medical Assistants permitting them to assert FLSA claims in this Collective Action by filing their individual consent forms.

8. Plaintiff asserts the NJWHLR claims not only individually, but also on behalf of a putative "NJWHLF Class" pursuant to Fed. R. Civ. P. 23, defined as:

> *All Medical Assistants employed at Defendants at any time from 2 years prior to the filing of this Complaint through the date of judgment.*

9. Plaintiff asserts the NJWPL claims not only individually, but also on behalf of a putative "NJWPL Class" pursuant to Fed. R. Civ. P. 23, defined as:

> *All Medical Assistants employed at Defendants at any time from 6 years prior to the filing of this Complaint through the date of judgment.*

10. For at least six (6) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the FLSA, a federal statute.

12. As to claims under the state law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

### *Defendants*

14. Defendant **DOCTORS CENTER MANAGEMENT CORPORATION** ("Management Corp.") is part of Rutgers University Hospital and has its primary place of business at 30 Bergen St., Room 1205, Newark, NJ 07107.

15. Management Corp. was the entity listed on Plaintiff's paystubs.

16. Defendant **UNIVERSITY PHYSICIAN ASSOCIATES OF NEW JERSEY, INC.** ("UPA") is part of Rutgers University Hospital and has its primary place of business at 30 Bergen Street, ADMC 12, Newark, NJ 07107.

17. Per its website, UPA is tasked with billing, collecting, and distributing clinical receipts and providing additional administrative support to the faculty of New Jersey Medical School. *See* http://upa.njms.rutgers.edu.

18. At all relevant times, Defendants have jointly operated a single integrated enterprise providing support and staff services at Rutgers University Hospital and the faculty of New Jersey Medical School and maintained a principle place of business located on Rutgers University Hospital's Newark, NJ campus.

19. At all relevant times, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

*Plaintiff*

20. Plaintiff **SUSY ARAUJO** ("Araujo") is an adult resident of the State of New Jersey.

21. Defendants employed Araujo from approximately June 2015 until October 2017.

22. Araujo's last day working was July 14, 2017.

23. Throughout her employment with Defendants, Araujo was an hourly paid, non-exempt Medical Assistant.

24. Araujo's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

25. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

26. At all relevant times alleged herein, Defendants have operated and controlled an enterprise engaged in commerce as defined under the FLSA.

27. At all relevant times alleged herein, Defendants have generated over $500,000 in revenue per year.

28. Defendants were the "employer" of Plaintiff and the members of the putative Collective/Class members (hereinafter "Medical Assistants") within the meaning of 29 U.S.C. § 203(d), N.J.S.A. 34:11-56a1(g), and N.J.S.A. 34:11-4.1.

29. Defendants, directly or indirectly, hired the Medical Assistants; controlled their work schedules and conditions of employment; and determined the rate and method of the payment of wages.

30. As hourly paid, non-exempt medical assistants, the Medical Assistants performed job duties that do not fall within any exemptions from overtime under the FLSA and NJWHLR.

31. Defendants failed to pay Medical Assistants for all of the hours they spent working each week.

32. By failing to pay for all hours worked, Defendants failed to pay Medical Assistants overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per week, as required by 29 U.S.C. § 207 and N.J.S.A. 34:11-56a4.

33. Defendants failed to pay Medical Assistants their regular wages for work performed up to forty (40) hours per week, as required by N.J.S.A. 34:11-4.1 *et seq.*

34.     Plaintiff clocked-in at the start of each shift and out at the end of each shift.

35.     If she took a meal break, she would clock out at the start of the break and back in at the end of the break.

36.     She rarely took a full uninterrupted meal break lasting 20 minutes or longer.

37.     Defendants automatically deducted 30 minutes from Plaintiff's pay regardless of whether she actually took a meal break.

38.     Plaintiff's regular schedule was Monday through Friday from 8:30 AM until 5:00 PM for a total of 42.5 hours a week.

39.     Plaintiff also worked for approximately three to four hours every other Saturday.

40.     Despite Plaintiff working this schedule and recording that she worked this schedule, she was not paid for all hours worked.

41.     On a biweekly basis, Plaintiff worked approximately eighty-nine (89) hours.

42.     Defendants usually paid Plaintiff for less than eighty hours on a biweekly basis.

43.     In most pay periods Defendants did not pay her for any hours worked in excess of forty (40) in a workweek and/or eighty (80) in a bi-weekly period.

44.     For example, for the pay period that began May 14, 2017 and ended May 27, 2017, Plaintiff was paid for seventy-seven (77) hours at $15.29/hour for a total of $1,177.33.  *See* **Exhibit B**.

45.     She worked her regular schedule those two weeks.

46.     She should have been paid for eighty (80) regular hours and nine (9) overtime hours.

47.     If she had been paid correctly, she would have been paid $1,429.62—80 hours paid at $15.29/hour and 9 hours paid at an overtime premium of $22.96/hour.

6

48. Medical Assistants had implied contracts to be paid an hourly wage for each hour worked.

49. Defendants agreed to pay Plaintiff an hourly rate of $15.29 per hour for all hours worked.

50. Medical Assistants were routinely paid for fewer hours than they actually worked.

51. Despite being scheduled for more than forty (40) hours a week and not receiving free uninterrupted meal breaks or sometimes any meal break at all, Medical Assistants were automatically deducted 30 minutes a day for meal break time.

52. Medical Assistants were subjected to the common pay policy and practice as stated herein that violated the FLSA, NJWHLR, and NJWPL.

53. Defendants maintained control, oversight, and direction over Medical Assistants, including the promulgation and enforcement of policies affecting the payment of their wages including overtime rate and compensation.

54. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

55. Defendants' widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

56. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

57. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf herself and of all other similarly situated hourly, non-

exempt Medical Assistants who have been affected by Defendants' common policy and practice of failing to properly pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Title 29 of the Code of Federal Regulations ("CFR").

58. The proposed "FLSA Collective," is defined as:

> *All Medical Assistants employed at Defendants at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

59. Plaintiff brings this Collective Action against Defendants to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

60. The Collective Action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

61. Plaintiff seeks to send Notice to all similarly situated hourly, non-exempt Medical Assistants as provided by 29 U.S.C. § 216(b) and supporting case law.

62. Plaintiff also brings this action, pursuant to Fed. R. Civ. P. 23 and N.J.S.A. 34:11-56a25, as a Class Action for and on behalf herself and of all other similarly situated hourly, non-exempt Medical Assistants who have been affected by Defendants' common policy and practice of failing to pay proper overtime compensation, in violation of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR") N.J.S.A. 34:11-56a *et seq.*

63. The proposed "NJWHLR Class" is defined as:

> *All Medical Assistants employed at Defendants at any time from 2 years prior to the filing of this Complaint through the date of judgment.*

64. Plaintiff brings this Rule 23 Class Action against Defendants to recover unpaid overtime compensation, pre and post-judgment interest, costs, and attorneys' fees pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

65. Plaintiff also brings this action, pursuant to Fed. R. Civ. P. 23 and N.J.S.A. 34:11-4.1 *et seq.*, as a Class Action for and on behalf of herself and of all other similarly situated hourly, non-exempt Medical Assistants who have been affected by Defendants' common policy and practice of failing to pay proper regular wages, in violation of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq*.

66. The proposed "NJWPL Class" is defined as:

> *All Medical Assistants employed at Defendants at any time from 6 years prior to the filing of this Complaint through the date of judgment.*

67. This action is properly brought as a Collective/Class Action because the Collective/Class is so numerous that joinder of all members is impractical. While the exact number and identities of putative Collective/Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that a substantial number of Collective/Class members were employed by Defendants during the applicable statutory period, without receiving appropriate regular wages and overtime compensation, as required by law.

68. This litigation is properly brought as a Collective/Class Action because of the existence of questions of fact and law common to the Collective/Class which predominate over any questions affecting only individual members, including:

   a. Whether Defendants are liable to the putative Collective/Class members for violations of the FLSA, NJWHLR and NJWPL;

   b. Whether the putative Collective/Class members were paid for less hours than they worked;

   c. Whether the putative Collective/Class members' pay was automatically deducted for meal breaks;

9

    d. Whether the putative Collective/Class members were properly compensated regular wages for hours worked up to forty (40) per workweek;

    e. Whether the putative Collective/Class members worked more than forty (40) hours in any workweek; and

    f. Whether Defendants failed to pay the putative Collective/Class members overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek.

69. This litigation is properly brought as a Collective/Class action because Plaintiff's claims are typical of the claims of the members of the Collective/Class, inasmuch as all such claims arise from Defendants' common policy and practice, as alleged herein. Like all Collective/Class members, Plaintiff has been damaged by Defendants' system-wide policy and practice of failing to pay proper regular wages and overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek, in violation of the FLSA, NJWHLR, and NJWPL.

70. A Collective/Class Action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue savings to both the Court and the Collective/Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

    b. Despite the size of individual Collective/Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis will enable this case to be litigated as a Collective/Class

       Action on a cost-effective basis, especially when compared with repetitive individual litigation;

  c. No unusual difficulties are likely to be encountered in the management of this Collective/Class Action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Collective/Class; and

  d. Prosecution of separate actions by individual Collective/Class members would create a risk of differing adjudications with respect to such individual members of the Collective/Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

71. Without a Collective/Class Action, Defendants will likely retain the benefit of their wrongdoing and will continue a course of action which will result in further damages to the members of the Collective/Class.

72. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA and its state law counterparts, a type that have often been prosecuted on a class wide basis, and the manner of identifying the Collective/Class and providing any monetary relief to it can be effectuated from a review of Defendants' records.

73. The lead Plaintiff has no interests antagonistic to the interests of the other members of the Collective/Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in Collective/Class Action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Collective/Class.

74. Plaintiff and the putative Collective/Class members demand a trial by jury.

## **FIRST CLAIM FOR RELIEF**
*(Individual Claim for Unpaid Overtime under the FLSA)*

75. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

76. Defendants employed Plaintiff as an hourly, non-exempt Medical Assistant.

77. Defendants did not pay Plaintiff for all of the hours she worked despite her recording working those hours.

78. Defendants automatically deducted for meal breaks even if Plaintiff did not take a meal break.

79. Defendants required Plaintiff to work more than forty (40) hours in a workweek.

80. Defendants failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times her regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

81. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

82. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

83. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF
*(Collective Action Claim for Unpaid Overtime under the FLSA)*

84. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

85. Defendants employed the FLSA Collective members as hourly, non-exempt Medical Assistants.

86. Defendants did not pay the FLSA Collective members for all of the hours they worked despite them recording working those hours.

87. Defendants automatically deducted for meal breaks even if FLSA Collective members did not take a meal break.

88. Defendants required FLSA Collective members to work more than forty (40) hours in a workweek.

89. Defendants failed to pay FLSA Collective members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

90. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

91. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

92. As a result of Defendants' uniform policies and practices described above, FLSA Collective members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## THIRD CLAIM FOR RELIEF
*(Individual Claim for Unpaid Overtime under the NJWHLR)*

93. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

94. Defendants employed Plaintiff as an hourly, non-exempt Medical Assistant.

95. Defendants did not pay Plaintiff for all of the hours she worked despite her recording working those hours.

96. Defendants automatically deducted for meal breaks even if Plaintiff did not take a meal break.

97. Defendants required Plaintiff to work more than forty (40) hours in a workweek.

98. Defendants failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times her regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the NJWHLR.

99. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

100. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

## FOURTH CLAIM FOR RELIEF
*(Class Action Claim for Unpaid Overtime under the NJWHLR)*

101. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

102. Defendants employed NJWHLR Class members as hourly, non-exempt Medical Assistants.

103. Defendants did not pay NJWHLR Class members for all of the hours they worked despite them recording working those hours.

104. Defendants automatically deducted for meal breaks even if NJWHLR Class members did not take a meal break.

105. Defendants required NJWHLR Class members to work more than forty (40) hours in a workweek.

106. Defendants failed to pay NJWHLR Class members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the NJWHLR.

107. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

108. As a result of Defendants' uniform policies and practices described above, NJWHLR Class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

**FIFTH CLAIM FOR RELIEF**
(*Individual Claim for Unpaid Wages under the NJWPL*)

109. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

110. Defendants employed Plaintiff as an hourly, non-exempt Medical Assistant.

111.　Defendants did not pay Plaintiff for all of the hours she worked despite her recording working those hours.

112.　Defendants automatically deducted for meal breaks even if Plaintiff did not take a meal break.

113.　Defendants breached their implied contract to pay Plaintiff for each hour she worked.

114.　Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

115.　As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of regular wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre and post-judgment interest, and other compensation pursuant to N.J.S.A. 34:11-4.1 *et seq*.

## SIXTH CLAIM FOR RELIEF
*(Class Action Claim for Unpaid Wages under the NJWPL)*

116.　Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

117.　Defendants employed NJWPL Class members as hourly, non-exempt Medical Assistants.

118.　Defendants did not pay NJWPL Class members for all of the hours they worked despite them recording working those hours.

119.　Defendants automatically deducted for meal breaks even if NJWPL Class members did not take a meal break.

120.　Defendants breached their implied contract to pay NJWPL Class members for each hour they worked.

121.　Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

122. As a result of Defendants' uniform policies and practices described above, NJWPL Class members were illegally deprived of regular wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre and post-judgment interest, and other compensation pursuant to N.J.S.A. 34:11-4.1 *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(B) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR") N.J.S.A. 34:11-56a *et seq.*;

(C) A declaratory judgment that Defendants' wage practices alleged herein violate the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq.*;

(D) An Order for injunctive relief ordering Defendants to comply with the FLSA, NJWHLR, NJWPL and end all of the illegal wage practices alleged herein;

(E) An Order certifying this action as a Collective Action on behalf of the FLSA Collective, designating the lead Plaintiff **SUSY ARAUJO** as Collective representative and the undersigned counsel as Collective Counsel;

(F) An Order requiring Defendants to produce a list of names, addresses, job descriptions, and dates of employment of all members of the putative FLSA Collective;

(G)     An Order authorizing Plaintiff's counsel to notify members of the putative FLSA collective that they are authorized to join this matter by filing written consents pursuant to 29 U.S.C. § 216(b);

(H)     An Order certifying this action as a Class action on behalf of the NJWHLR Class for unpaid overtime and designating the lead Plaintiff **SUSY ARAUJO** as Class representative and the undersigned counsel as Class Counsel;

(I)     An Order certifying this action as a Class action on behalf of the NJWPL Class for unpaid regular wages and designating the lead Plaintiff **SUSY ARAUJO** as Class representative and the undersigned counsel as Class Counsel;

(J)     An Order directing Defendants, at their own expense, to investigate and account for the number of regular and overtime hours actually worked by Plaintiff and all putative Collective/Class members;

(K)     Judgment for damages for all unpaid overtime compensation to which Plaintiff and members of the Collective are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(L)     Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime wages owed to Plaintiff and members of the Collective during the applicable statutory period;

(M)     Judgment for damages for all unpaid overtime compensation to which Plaintiff and members of the Class are lawfully entitled under the NJWHLR, N.J.S.A. 34:11-56a *et seq.*;

(N)     Judgment for damages for all unpaid regular wages to which Plaintiff and members of the Class are lawfully entitled under the NJWPL, N.J.S.A. 34:11-4.1 *et seq.*;

(O)     Incentive Awards for the lead Plaintiff;

(P) An Order directing Defendants to pay Plaintiff and members of the Collective reasonable attorney's fees and all costs connected with this action pursuant to the FLSA, 29 U.S.C. §201 *et seq.*;

(Q) An Order directing Defendants to pay Plaintiff and members of the putative Class pre and post-judgment interest, reasonable attorney's fees and all costs connected with this action pursuant to the NJWHLR, N.J.S.A. 34:11-56a *et seq.*;

(R) Judgment for any and all civil penalties to which Plaintiff and members of the Collective/Class may be entitled; and

(S) Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

Dated: December 11, 2017         Respectfully submitted,

**JTB LAW GROUP, LLC**

/s/ *Alexander Imel*
Alexander Imel (NJ Bar ID 228992017)
alec.imel@jtblawgroup.com
Jason T Brown (NJ Bar ID 35921996)
jtb@jtblawgroup.com
155 2nd Street, Suite 4
Jersey City, NJ 07302
(201) 630-0000 (office)
(855) 582-5297 (fax)

*Attorneys for Plaintiff*